BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0092-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 24, 2003


______________________________



DAMON SCOTT SHRAUNER,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 98,683-2; HON. WILLIAM C. DODSON, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Damon Scott Shrauner (appellant) appeals his conviction for assault. The clerk's
record was filed on March 14, 2003, and the supplemental clerk's record on March 27,
2003. The reporter's record was filed on March 31, 2003. Thus, appellant's brief was due
on April 30, 2003. However, one was not filed on that date. Counsel for appellant moved
for an extension of time to file the brief on April 28, 2003, which extension was granted to
May 30, 2003. However, the brief was not filed on that date either. On June 9, 2003, this
Court notified counsel for appellant that neither the brief nor an extension of time to file
appellant's brief had been filed. Counsel for appellant was also admonished that if
appellant's brief was not filed by June 19, 2003, the appeal would be abated to the trial
court. That date has lapsed, and appellant still has yet to file a brief. 

 Consequently, we abate this appeal and remand the cause to the County Court at
Law No. 2 of Potter County (trial court) for further proceedings. Upon remand, the trial
court shall immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35,
83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and has been denied effective assistance of counsel, then
we further direct the court to appoint new counsel to assist in the prosecution of the
appeal. The name, address, phone number, telefax number, and state bar number of the
new counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before July 24, 2003. Should additional
time be needed to perform these tasks, the trial court may request same on or before July
24, 2003.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 


          Should it be determined that Appellant does want to continue the appeal and the trial
court determines Appellant is entitled to new appointed counsel or has retained new
counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. Finally,
the trial court shall execute findings of fact, conclusions of law, and any necessary orders
it may enter regarding the aforementioned issues and cause its findings, conclusions, and
orders, if any, to be included in a supplemental clerk's record. A supplemental reporter’s
record of the hearing, if any, shall also be included in the appellate record. Finally, the trial
court shall file the supplemental clerk's record and the supplemental reporter's record, if
any, with the Clerk of this Court by July 15, 2009.
          It is so ordered.
 
Per Curiam
 
 
 
Do not publish.